Filed 11/23/15  P. v. Franklin CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>BRADLEY FRANKLIN,<br><br>  Defendant and Appellant. | F069520<br><br>(Super. Ct. No. VCF276119)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Joseph A. Kalashian, Judge.  (Retired judge of the Tulare Superior Court assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*]      Before Poochigian, Acting P.J., Peña, J. and Smith, J.

-ooOoo-

## INTRODUCTION

Appellant Bradley Franklin was convicted of committing a lewd and lascivious act upon a child under 14, a felony (Pen. Code, § 288, subd. (a), count 1),[1] arranging a meeting with a minor for lewd purposes, a felony[2] (§ 288.3, subd. (a), count 2), and two counts of indecent exposure, a misdemeanor (§ 314, subd. 1, counts 3 and 4). An enhancement allegation was also found true that appellant had substantial sexual conduct with the victim (§ 1203.066, subd. (a)(8)).

Appellant was sentenced to an aggregate term of nine years in prison. The court imposed various fines and fees, including a restitution fine of $1,000. Appellant was also ordered to submit to HIV testing.

Appellant contends the prosecution committed misconduct by misstating the evidence during closing argument. He also asserts the restitution fine was erroneously imposed against him and the trial court's order he submit to HIV testing was not supported by probable cause. We find no prosecutorial misconduct, but we will strike the restitution fine and remand to the trial court the HIV testing order for determination of whether it is supported by probable cause.

## FACTUAL SUMMARY

### Prosecution Case

In June of 2012, B.F. went on a trip with her mother, father, older half-sister and half-brother (appellant), to visit her grandparents in Visalia, California. Appellant was 21 years old and B.F. was 13 years old.

---

[1]     All undesignated statutory references are to the Penal Code unless otherwise indicated.

[2]     The court granted the prosecution's motion under section 1009 to add count 2 as a felony according to proof at trial.

The day before the family left, B.F. was left alone in her grandparent's home with appellant. Around 1:30 p.m., B.F. was talking to appellant when he pulled down his pants and showed her his erect penis. B.F. was shocked and left the room.

Later that evening, after the family had returned home, B.F. was watching television in the computer room of the home with appellant. B.F. was wearing a loose shirt and basketball shorts. Appellant told her to relax, and that he was going to "do something real quick." He came up behind her, put his hands down her shorts and under her underwear, and put his fingers inside her vagina. Shocked and scared, B.F. slapped appellant's hand away. Appellant showed her his erect penis and asked her if she wanted to touch it. He also asked B.F. whether she wanted to have sex with him. B.F. recoiled and immediately refused. Appellant told B.F. not to tell anyone what happened.

Six weeks later, B.F. disclosed the incident to her father, Brett. Appellant denied that the incident occurred when his father confronted him. Brett reported the incident to police.

Visalia Police Officer Chris Jennings questioned appellant. Appellant told Officer Jennings that during the trip, he talked to B.F. about sex and the dangers of sexually transmitted diseases. He also admitted he had asked B.F. whether she wanted to have sex with him. Appellant stated he found B.F. attractive for her age and indicated that she was developed, but he denied touching her.

At trial, Brett testified that he struggled with his decision to report the incident to law enforcement because his son was the abuser. Since the disclosure, Brett has not seen or spoken to his son, B.F.'s older half-sister has not spoken to her, and appellant and B.F. have had no contact for nearly two years.

### Defense Case

Appellant's sister, Lauren, testified on his behalf. According to Lauren, B.F. was out shopping with her, and not home alone with appellant, when the first incident occurred. That night, Lauren checked on B.F. and appellant, who were alone in the

3.

computer room. She did not see appellant display any unusual behavior, and in her opinion, B.F. did not demonstrate any visible mood changes on the way home from the family trip. However, Lauren testified B.F. and appellant were left at home alone one day during the trip while the rest of the family went to Costco.

## DISCUSSION

### *Prosecutorial Misconduct*

Appellant contends the prosecution committed misconduct by misstating the evidence. He asserts comments made by the prosecutor were prejudicial. Alternatively, if this court finds forfeiture of his claim, he argues he received ineffective assistance of counsel. We find no merit to either claim.

Prosecutorial misconduct requires reversal only if it results in prejudice to the defendant. (*People v. Fields* (1983) 35 Cal.3d 329, 363.) Where it infringes upon the defendant's constitutional rights, reversal is required unless the reviewing court determines beyond a reasonable doubt that the misconduct did not affect the jury's verdict. (*People v. Harris* (1989) 47 Cal.3d 1047, 1083.) Prosecutorial misconduct that violates only state law is cause for reversal when it is reasonably probable that a result more favorable to the defendant would have occurred had the prosecutor refrained from the objectionable conduct. (*People v. Barnett* (1998) 17 Cal.4th 1044, 1133.) "'"'"A prosecutor's ... intemperate behavior violates the federal Constitution when it comprises a pattern of conduct "so egregious that it infects the trial with such unfairness as to make the conviction a denial of due process."'"'"' (*People v. Hill* (1998) 17 Cal.4th 800, 819.)

It is well settled that the prosecution is afforded wide latitude during closing argument to vigorously argue its case, provided the argument "'"'"amounts to fair comment on the evidence, which can include reasonable inferences, or deductions to be drawn therefrom."'"'"' (*People v. Gamache* (2010) 48 Cal.4th 347, 371; *People v. Harrison* (2005) 35 Cal.4th 208, 244.)

4.

Here, during closing argument, the prosecution commented that B.F.'s family life has changed dramatically since she disclosed the incidents of sexual abuse. Brett has not seen appellant since the disclosure, and as a result of the incident, their relationship is divided. The prosecution also remarked that "[a]t 13 years old, [B.F.] had no motivation to want to cause this divide in her family. At 15 she's still dealing with the consequences of telling the truth."

The prosecution's comments were fair commentary on the evidence and fell well within the wide latitude afforded to prosecutors during closing argument. Although evidence was presented from which we can infer appellant and his father suffered a strained relationship prior to the disclosure, the incident appears to have resulted in the severance of all family ties.

Intrafamilial allegations of sexual abuse can be divisive within a family as loyalties are partitioned between the abuser and the victim, these were the circumstances within appellant's family. B.F.'s father testified he was conflicted with his decision to report his own son to law enforcement. Various members of the family testified they have not spoken to one another in the two years since the disclosure occurred. Considering the grievous nature of the charges against appellant and the familial relationship between him and the victim, the jury could reasonably infer the incident created a deep chasm within the family, despite problems that may have existed prior to B.F.'s disclosure of the abuse she suffered. Appellant's claim of prosecutorial misconduct is without merit.[3]

Even assuming the prosecution's comments exceeded the bounds of fair commentary, we find appellant suffered no prejudice considering the strong evidence

---

[3] The parties also discuss forfeiture and ineffective assistance of counsel in their briefs. However, there can be no ineffective assistance of counsel where the prosecutor made only fair commentary based on the evidence.

against him.  Although respondent asserts this case hinged entirely upon the credibility of B.F., her testimony was corroborated by other evidence at trial.

Lauren stated B.F. was out shopping with her when appellant initially exposed himself; however, she also testified B.F. and appellant were left at home alone one day during the trip while the family went to Costco.  She also observed appellant in the computer room, alone with B.F., during the last night of the trip.  Although appellant denied touching B.F., he admitted he asked her whether she wanted to have sex with him.  He also disclosed to Officer Jennings he found B.F. attractive for her age and indicated that she was developed.  Accordingly, we reject appellant's argument he would have received a more favorable result if defense counsel objected to the prosecutor's comments.

### *Imposition of Fine*

At sentencing, appellant was ordered to pay a $1,000 restitution fine pursuant to section 294.  He argues that because his offense does not fall within the language of section 294, this court should strike the fine.  Respondent concedes the fine was improper.  We agree.

Section 294, subdivision (b), provides that the court may impose a fine "[u]pon conviction of any person for a violation of Section 261, 264.1, 285, 286, 288a [oral copulation] or 289 where the violation is with a minor under the age of 14 years."  Appellant was not convicted of one of the offenses enumerated within section 294.  As such, the fine could not have been properly imposed against him.

Although appellant did not object to the imposition of the fine at the time it was imposed, the issue is reviewable on appeal because it constitutes an unauthorized sentence.  (*People v. Breazell* (2002) 104 Cal.App.4th 298, 305 [an unauthorized sentence, a sentence that could not be imposed under any circumstances in a particular case, is a narrow exception to the requirement that parties must raise claims in trial court

6.

to preserve issues for appeal].)  We find the fine was improperly imposed and order it stricken.

*HIV Testing*

The court ordered appellant to undergo HIV testing pursuant to section 1202.1. Appellant asserts there is insufficient evidence to support a finding of probable cause, a prerequisite under section 1202.1.  Respondent concedes this point in its brief.  We agree.

Section 1202.1, subdivision (e)(6)(A) requires persons convicted of certain sex offenses to submit to HIV testing if there is probable cause to believe that "blood, semen, or any other bodily fluid capable of transmitting HIV ha[ve] been transferred from the defendant to the victim."  Within the enumerated list of sex offenses under section 1202.1 is lewd or lascivious conduct with a child in violation of section 288, one of the offenses appellant was convicted of.  (§ 1202.1, subd. (e)(6)(A)(iii).)

Probable cause, as applied to section 1202.1, is based on "whether the facts known would lead a person of ordinary care and prudence to entertain an honest and strong belief that blood, semen, or any other bodily fluid capable of transmitting HIV has been transferred from the defendant to the victim."  (*People v. Butler* (2003) 31 Cal.4th 1119, 1127.)  If the trial court does not articulate its reasoning for ordering HIV testing, we will presume an implied finding of probable cause.  (*Ibid*.)  However, we may sustain the trial court's order only if the record contains sufficient evidentiary support.  (*Ibid*.)

Upon examination of the record, we do not find sufficient evidence to support a finding of probable cause.  There is no indication that blood, semen, or bodily fluids were transmitted between appellant and B.F.  Therefore, we reverse and remand the matter to the trial court to determine whether probable cause supports the court's order mandating HIV testing.

## DISPOSITION

The restitution fine imposed against appellant is stricken.  We reverse and remand the trial court's order for HIV testing for the sole purpose of determining whether

probable cause exists to believe fluids capable of transmitting HIV were transferred from appellant to the victim.  In all other respects, we reject appellant's contentions and affirm the judgment.